## MONTAMAT AND WIFE, vs. DEBON.

APPEAL from the court of the first district.

MARTIN, J., delivered the opinion of the court. The plaintiffs allege, that Cottin, during his marriage with the present Mrs. Montamat, made a donation to her of a house and

Simulation may be given in evidence, on the general issue, if not objected to. The counter letter of a minor

East'n. District,
*January* 1826.

MONTAMAT
& AL.
*vs.*
DEBON.

is binding when it makes a part of the *res gesta*.

lot, and at his death, the defendant, his executor and her father, possessed himself of them, as she believed, to administer them for her, and has ever since possessed and retained them, without right; farther, that besides she has an interest in them, as common in goods with her late husband, as they were purchased during the coverture. The petition concludes with a prayer for the possession and fruits.

The defendant pleaded the general issue, and, in an amended answer, title in himself, under Cottin, senior, and the reducibility of the donation. Cottin, senior, having died, the defendant cited his heirs in warranty; they pleaded the reducibility of the donation, its simulation, the want of its registry, and the assent of the plaintiffs to the sale to the defendant.

There was judgment against the plaintiffs, and they appealed.

The facts of the case are the following: Cottin brought in marriage $30,000, and his wife her rights on the successions of her parents. Very soon after, he bought the premises for $10,000, in cash, and eighteen months afterwards, he executed a notarial instrument,

in which he declared, that on his marriage,
circumstances and the state of his affairs, did
not allow him to acknowledge a dowry to her ;
but now being able to do so, he made her, in
the best possible form, a donation, *inter vivos*,
absolute and irrevocable of the premises,
with warranty, &c. that the donation was to
stand in lieu of a dowry, with privilege, &c.
The act was not recorded in the office of the
recorder of mortgages.

The act being a simulated one, she gave him
a counter title, which he kept, and was re-
turned to her after his death.

He instituted the child with which she was
pregnant, his only heir, and her, in case the
child proved an abortive one, his only heiress,
with the obligation, in case his father sur-
vived him, to pay his *legitime*. He appoint-
ed the defendant his executor, and died ; so
did the child a few hours after his birth.

She claimed the estate, as heiress to his
son, and in the inventory the premises were
put down as part of the estate ; she protested
against it.

Cottin, the father, sued her for his *legitime*,
and after the *contestatio litis*, she married
Montamat. Judgment was given for her, but

MONTAMAT
& AL.
*vs.*
DEBON.

this court reversed it, declared the child an abortive one, and decreed the legitime to Cottin.

On her second marriage, she constituted to herself in dowry, the premises and the slaves, and other property in the inventory of the testator's estate.

The defendant kept possession of the premises till the judgment of this court, but the plaintiffs received the rents till they were sold, by Cottin, senior, and him acting as executor, although the years of his executorship had long before expired. The usual publications were made, and no opposition was made by the plaintiffs.

Cottin being still unpaid, sued the parties to the present suit, alleging the present defendant detained the premises, having bought them at the auction for $25,000. Neither he, nor the present plaintiff. though duly cited, answered; judgment by default was taken, and confirmed, the present defendant was directed to file his account. The suit was put an end to, by a transaction between Cottin and the defendant, after a reference, and without any objection of the plaintiffs to the account of the executor, who after payment of

$17,000 to Cottin, received his discharge, and a subrogation to all Cottin's rights in the estate. He was farther to be indemnified by Cottin, against the claim of one Lecesne, of Paris, on the estate, and security was given him therefor.

East'n. District.
*January* 1826.

MONTAMAT
& AL.
*vs.*
DEBON.

He has ever since remained in possession of the premises.

1st. The plaintiffs and apppellants urge in this court that the heirs of Cottin, senior, could not legally be called in warranty.

2d. If they could, it was done too late, or they could make no change in the pleadings.

On the merits they contend that,

1st. The heirs could not avail themselves of the want of registry.

2d. The manifest intention of the donor to constitute a dowry, does not prevent the conveyance being available as a dowry.

3d. The simulation is not proved.

4th. The wife being a minor could not give a contre letter.

5th. Her assent to the sale, to the defendant, is not proved.

6th. If proven, it could not sanction the disposal of a dotal estate.

MONTAMAT
& AL.
*vs.*
DEBON.

7th. The reducibility of the donation cannot be urged, till the state of the succession be known, after its liquidation.

The third and fourth propositions have attracted our attention first, because if the act was a simulated one, it was no act, and there was no donation.

The objection to the call of the heirs in warranty, if there be no donation, needs not to be examined. It is true, they alone pleaded the simulation, but we are of opinion, that a simulated act, being no act, the simulation, establishing that there is no act, may be given in evidence under the general issue, especially if the evidence be not objected to; perhaps, the objection to the evidence would authorise a new trial, only, if the party avered he was taken by surprise.

The simulation we think clearly results from the testimony of Gurley and Guillot. They were the sons-in-law of the defendant's wife only; and according to the decision of this court, in the case of *Bernard & al.* vs. *Vignaud,* a father and son-in-law, do not stand in the relation of ascendants and descendants. The wife's contre letter, though she be a minor, can bind her as a part of the *res gesta.*

East'n. District.
*January*, 1826.

MONTAMAT
& AL.
*vs.*
DEBON.

As the plaintiffs could not sell the dotal estate, it could not pass by a tacit consent.

There being no donation, the title of the plaintiffs rests only the right on the premises on an acquisition made during marriage. Cottin brought $30,000 in marriage, a few weeks after he purchased the premises. His wife did not bring a cent ; the presumption is very strong that he bought with the money he brought in. Still she may have a claim on the premises as part of the *gananciales*, but of this there is no evidence, for the estate is unliquidated.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Derbigny* for the plaintiffs, *Mazureau* for the defendant.